## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**RINNIGADE ART WORKS**, individually
and behalf of all others similarly situated,

      Plaintiff,

v.

**THE HARTFORD FINANCIAL
SERVICES GROUP, INC.; HARTFORD
FIRE INSURANCE COMPANY; AND
TWIN CITY FIRE INSURANCE
COMPANY**,

      Defendants.

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Rinnigade Art Works ("Rinnigade" or "Plaintiff"), both individually and on behalf of all others similarly situated, files this class action Complaint against Defendants The Hartford Financial Services Group, Inc., Hartford Fire Insurance Company and Twin City Fire Insurance Company (collectively, "Defendants" or "The Hartford"). In support of its claims, Plaintiff states the following on information and belief, except where specifically identified as being based on personal knowledge:

## INTRODUCTION

1.    On personal knowledge, Plaintiff Rinnigade is a graphic design and screen printing business, which occupies and leases premises located at 561 Windsor Street, Ste. A301, Somerville, Massachusetts 02143.

2.    To protect the business and the income from operation of the business, Rinnigade purchased a property insurance policy issued by The Hartford with policy number 08 SBA AA7102 DW (the "Policy").

3.    Under the Policy, The Hartford is responsible for receiving and managing claims

and loss notices, responding to questions about insurance and coverage and paying claims for covered losses.

4.      The Policy is a bilateral contract: Plaintiff agreed to pay monthly premiums to Defendants, in exchange for Defendants' promises of coverage for certain losses.

5.      Among other types of coverage, the Policy protects Plaintiff against a loss of business income due to a "suspension" of the business's "operations" due to direct physical loss of or damage to property at the premises of the business. This type of coverage is often referred to as business interruption coverage.

6.      The Policy also provides "Extra Expense" coverage, under which Defendants promised to pay expenses incurred that would not have been incurred absent the physical loss of or physical damage to property at the premises of the business.

7.      The Policy also provides "Business Income from Dependent Properties" coverage, under which Defendants promised to pay for the loss of business income sustained due to direct physical loss of or physical damage at the premises of a dependent property caused by or resulting from a "Covered Cause of Loss."

8.      Additionally, the Policy provides "Civil Authority" coverage, under which Defendants promised to pay for loss of business income sustained when the action of a civil authority prohibits access to the business premises.

9.      Plaintiff duly complied with its obligations under the Policy, and paid the requisite premiums.

10.     Beginning in March 2020, Plaintiff was forced to suspend business operations due to the novel coronavirus (hereinafter "COVID-19") and/or actions of civil authorities prohibiting access to and occupancy of the business. This suspension of the business's operations, which is

ongoing, has caused Plaintiff to suffer significant losses.

11.     Under the Policy, Defendants promised to cover these losses, and is obligated to pay for them. But in blatant breach of its contractual obligations, as well as Massachusetts General Laws Chapter 93A, §§ 2 and 11 and Chapter 176D § 9, Defendants have failed to pay for these losses.

12.     Defendants have failed to pay for similar losses of other insureds holding policies that are, in all material respects, identical.

## THE PARTIES

13.     On personal knowledge, Plaintiff Rinnigade Art Works is a Massachusetts limited liability corporation. This business occupies and leases premises located at 561 Windsor Street, Ste. A301, Somerville, Massachusetts 02143. Among other things, Rinnigade prints tee shirts and other apparel for cities, including the City of Cambridge; colleges and universities, including Harvard University and the Massachusetts Institute of Technology; and restaurants.

14.     Defendant The Hartford Financial Services Group, Inc. is a foreign corporation organized under the laws of Connecticut, with its principal place of business located at One Hartford Plaza, Hartford, Connecticut 06155.

15.     Defendant Hartford Fire Insurance Company is a foreign corporation organized under the laws of Connecticut, with its principal place of business located at One Hartford Plaza, Hartford, Connecticut 06155. Hartford Fire Insurance Company is a subsidiary of The Hartford Financial Services Group, Inc.

16.     Defendant Twin City Fire Insurance Company ("Twin City") is a foreign corporation organized under the laws of Connecticut, with its principal place of business located at One Hartford Plaza, Hartford, Connecticut 06155. Twin City is a subsidiary of Hartford Fire

Insurance Company.

17.     At all times material, Defendants engaged in substantial and not isolated activity on a continuous and systematic basis in the Commonwealth of Massachusetts, namely by issuing and selling insurance policies in Massachusetts and by contracting to insure property located in Massachusetts.

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction over the claims asserted in this action under 28 U.S.C. § 1332 because there is complete diversity between Defendants and at least one member of each class; there are more than one hundred members of each class; and the amount in controversy exceeds $5,000,000 exclusive of interest and costs. This Court also has subject matter jurisdiction under 28 U.S.C. §§ 2201 and 2202 and is authorized to grant declaratory relief under these statutes.

19.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and/or omissions giving rise to the claims occurred within the District of Massachusetts and property that is subject of the action is situated in this District.

20.     This Court has personal jurisdiction over the Defendants because Plaintiff's claims arise out of, among other things, Defendants conducting, engaging in, and/or carrying on business in Massachusetts; Defendants breaching a contract in Massachusetts by failing to perform acts required by contract to be performed in Massachusetts; and Defendants contracting to insure property in Massachusetts, including but not limited to the premises insured under the Policy. Defendants also purposefully availed themselves of the opportunity of conducting activities in the Commonwealth of Massachusetts by marketing their insurance policies and services within Massachusetts, and intentionally developing relationships with brokers, agents, and customers

within Massachusetts to insure property within Massachusetts, all of which resulted in the issuance of policies at issue in this action.

## FACTUAL BACKGROUND

**The Policy**

21.     On personal knowledge, on or about February 25, 2020, Plaintiff renewed the Policy. The Policy has a policy period of February 25, 2020 to February 25, 2021. The scheduled premises under the Policy is 561 Windsor Street, Ste. A301, Somerville, Massachusetts 02143.[1]

22.     The Policy is an all-risk insurance policy. In an all-risk insurance policy, all risks of loss are covered unless they are specifically excluded.

23.     Consistent with the all-risk nature of the Policy, Defendants specifically agreed to pay for all losses caused by "Covered Causes of Loss," defined as "RISKS OF DIRECT PHYSICAL LOSS" unless the loss is excluded or limited in the Policy. In the Policy, Defendants also promised to pay for losses of business income sustained as a result of perils not excluded under the Policy. In particular, Defendants promised to pay for losses of business income sustained as a result of a "suspension" of business "operations" during the "period of restoration."

24.     One type of coverage provided by the Policy is for loss of business income, often called business interruption insurance. This coverage is specifically provided for in a section of the Policy titled "Business Income."

25.     Pursuant to this section of the Policy, Defendants promised to pay for "the actual loss of business income you sustain due to the necessary suspension of your 'operations' during the 'period of restoration' … caused by direct physical loss of or physical damage to property at the 'scheduled premises.'"

---

[1] A true and correct copy of the Policy that was provided to Plaintiff is attached to this complaint as Exhibit "A" and incorporated herein by reference.

26.     Each of the operative terms of this coverage provision is defined as follows.

27.     "Business Income" means "(a) Net Income (Net Profit or Loss before income taxes) that would have been earned or incurred if no direct physical loss or physical damage had occurred; and (b) Continuing normal operating expenses incurred, including payroll."

28.     "Suspension" means "(a) The partial slowdown or complete cessation of your business activities; or (b) That part or all of the "scheduled premises" is rendered untentantable as a result of a Covered Cause of Loss if coverage for Business Income applies to the policy."

29.     "Period of restoration" means the period of time that:

a.  Begins with the date of direct physical loss or physical damage caused by or resulting from a Covered Cause of Loss at the "scheduled premises", and

b.  Ends on the date when:

(1) The property at the "scheduled premises" should be repaired, rebuilt or replaced with reasonable speed and similar quality;

(2) The date when your business is resumed at a new, permanent location.

30.     Another type of coverage provided by the Policy is for Extra Expense. This coverage is specifically provided for in a section of the Policy titled "Extra Expense."

31.     Pursuant to this section of the Policy, Defendants promised to pay for "reasonable and necessary Extra Expense you incur during the 'period of restoration' that you would not have incurred if there had been no direct physical loss or physical damage to property at the 'scheduled premises.'"

32.     Additionally, under the Policy, Defendants also promised to provide coverage for "Extended Business Income." Specifically, Defendants promised to:

pay for the actual loss of Business Income incurred during the period that:

(a) Begins on the date property is actually repaired, rebuilt or replaced and "operations" are resumed; and

(b) Ends on the earlier of:

(i) The date you could restore your "operations" with reasonable speed, to the condition that would have existed if no direct physical loss or damage occurred; or

(ii) 30 consecutive days after the date determined in (1)(a) above.

33.     Defendants also promised to cover "Business Income from Dependent Properties" under the Policy. Subject to limits of insurance, this coverage requires Defendants to "pay for the actual loss of Business Income you sustain due to direct physical loss or physical damage at the premises of a dependent property."

34.     The Policy also provides "Civil Authority" coverage for "the actual loss of Business Income you sustain when access to your 'scheduled premises' is specifically prohibited by order of a civil authority as the direct result of a Covered Cause of Loss to property in the immediate area of your 'scheduled premises'." This coverage begins "72 hours after the order of a civil authority and coverage will end at the earlier of: (a) When access is permitted to your 'scheduled premises'; or (b) 30 consecutive days after the order of the civil authority."

35.     This Civil Authority provision is an independent basis for business interruption coverage. That is, it can be triggered even when the standard business interruption coverage is not.

36.     Plaintiff's Policy does not contain any exclusion that would apply to allow Defendants to deny coverage for losses caused by the interruption of Plaintiff's business and the actions of civil authorities.

37.     Accordingly, because the Policy is an all-risk policy and does not specifically exclude the losses that Plaintiff has suffered, those losses are covered.

**Plaintiff's covered losses**

38.     On March 10, 2020, the Governor of Massachusetts, Charlie Baker, declared a public health emergency in response to the appearance of COVID-19 in the Commonwealth of Massachusetts.    As of that date, according to the Centers for Disease Control and Prevention (the "CDC"), there were more than 600 confirmed cases of COVID-19 in the United States, and 25 of those cases resulted in death.  In addition, as of that date, Governor Baker reported that there were 91 presumed positive cases of COVID-19 in the Commonwealth.

39.     As of March 22, 2020, the Massachusetts Department of Public Health had reported 646 cases of COVID-19, including 5 deaths, in the Commonwealth, affecting 13 of the Commonwealth's 14 counties.

40.     The presence of COVID-19 and the public health emergency it has created prompted actions by civil authorities throughout the United States ("Civil Authority Actions"), including, but not limited to, the Commonwealth of Massachusetts.

41.     Consistent with the actions of all states nationwide, On March 23, 2020, Governor Baker issued COVID-19 Order No. 13, which required all businesses and organizations that do not provide COVID-19 essential services to close their physical workplaces and facilities to workers, customers and the public from 12:00 noon on March 24, 2020 to 12:00 noon on April 7, 2020. The Order also prohibited restaurants, bars and other establishments that offer food and beverage products to the public from permitting on-premises consumption of food and beverages but permitted these establishments to continue to offer food and beverage products for take-out and delivery.   On March 31 2020, Governor Baker issued COVID-19 Order No. 21, which extended the closures required by COVID-19 Order No. 13 to May 4, 2020. On April 28, Governor

Baker issued COVID-19 Order No. 30, which extended the closures required by COVID-19 Order Nos. 13 and 21 to May 18, 2020.

42.     As a result of the foregoing facts and circumstances, there has been direct physical loss of and/or damage to property at the premises covered under the Policy by, among other things, the property being damaged, access to the property being denied, customers being prevented from physically occupying the property, the property being physically uninhabitable by customers, the function of the property being nearly eliminated or destroyed, and/or a suspension of business operations occurring at the property. Plaintiff has only been able to operate on a limited basis. Plaintiff has also sustained business income losses due to direct physical loss or physical damage at the premises of dependent properties.

43.     Plaintiff's business has suffered a suspension of normal business operations as defined in the Policy in terms of a significant slowdown of business activities, sustained losses of business income, and incurred expenses.

44.     These losses and expenses have continued through the date of filing of this action.

45.     These losses and expenses are not excluded from coverage under the Policy. And because the Policy is an all-risk policy, and Plaintiff has complied with its contractual obligations, Plaintiff is entitled to payment for these losses and expenses.

46.     Accordingly, Plaintiff provided notice of its losses and expenses to Defendants, consistent with the terms and procedures of the Policy.

47.     But contrary to the plain language of the Policy, and to Defendants' corresponding promises and contractual obligations, by letter dated April 15, 2020, Defendants refused to pay for Plaintiff's covered losses and expenses under the terms of the Policy.

48.     This appears to be consistent with the position Defendants have taken nationwide.

As stated on The Hartford website, "Most property insurance includes business interruption coverage, which often includes civil authority and dependent property coverage. This is generally designed to cover losses that result from direct physical loss or damage to property caused by hurricanes, fires, wind damage or theft *and is not designed to apply in the case of a virus*." https://www.thehartford.com/coronavirus/businesses (emphasis added).

## CLASS ACTION ALLEGATIONS

49.     The class claims all derive directly from a single course of conduct by Defendants: its systematic and uniform refusal to pay insureds for covered losses and the actions taken by civil authorities to suspend business operations.

50.     Plaintiff brings this action pursuant to Rules 23(a), 23(b)(1), 23(b)(2), and/or 23(b)(3), as well as 23(c)(4), of the Federal Rules of Civil Procedure, both individually and on behalf of all others similarly situated. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

51.     Plaintiff seeks to represent a class of persons and entities located in Massachusetts and such other states as the Court may deem appropriate defined as follows (collectively, the "Class" or "Classes"):

a)      All persons and entities with Business Income coverage and/or Extended Business Income coverage under a property insurance policy issued by Defendants that suffered a suspension of business operations and for which Defendants has either actually denied or stated it will deny a claim for the losses or have otherwise failed to acknowledge, accept as a covered loss, or pay for the covered losses ("the Business Income Coverage Class").

b)      All persons and entities with Extra Expense coverage under a property

insurance policy issued by Defendants that suffered a suspension of business operations and for which Defendants has either actually denied or stated it will deny a claim for the expenses or has otherwise failed to acknowledge, accept as a covered expense, or pay for the covered expenses ("the Extra Expense Coverage Class").

c) All persons and entities with Business Income from Dependent Properties coverage under a property insurance policy issued by Defendants that suffered an actual loss of Business Income caused by direct physical loss or physical damage at a dependent property or properties, and for which Defendants has either actually denied or stated it will deny a claim for the losses or has otherwise failed to acknowledge, accept as a covered loss, or pay for the covered losses ("the Business Income from Dependent Properties Coverage Class").

d) All persons and entities with Civil Authority coverage under a property insurance policy issued by Defendants that suffered an actual loss of Business Income and/or Extra Expense caused by an action of a civil authority that prohibited access to the premises, and for which Defendants has either actually denied or stated it will deny a claim for the losses or has otherwise failed to acknowledge, accept as a covered loss, or pay for the covered losses ("the Civil Authority Coverage Class").

e) All persons and entities within the Business Income Class, the Extra Expense Coverage Class, the Business Income from Dependent Properties Coverage Class and/or the Civil Authority Coverage Class engaged in the conduct of trade or commerce in the Commonwealth of Massachusetts (the "Massachusetts Subclass").

52. Excluded from each of the proposed Classes are Defendants and any of their members, affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns;

governmental entities; Class Counsel and their employees; and the judicial officers and Court staff assigned to this case and their immediate family members.

53.     Plaintiff reserves the right to modify, expand, or amend the definitions of the proposed Classes, as appropriate, during the course of this litigation.

54.     This action has been brought and may properly be maintained on behalf of each Class proposed herein under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

**Numerosity and Ascertainability**

55.     This action satisfies the requirements of Fed. R. Civ. P. 23(a)(1). The members of each proposed Class are so numerous that individual joinder of all Class members is impracticable. There are, at a minimum, thousands of members of each proposed Class, and these individuals and entities are spread out across Massachusetts and the United States.

56.     The identity of Class members is ascertainable, as the names and addresses of all Class members can be identified in Defendants' or their agents' books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, internet postings, and/or published notice.

**Predominance of Common Issues**

57.     This action satisfies the requirements of Fed. R. Civ. P. 23(a)(2) and 23(b)(3) because this action involves common questions of law and fact that predominate over any questions affecting only individual Class members. Defendants issued all-risk policies to all the members of each proposed Class in exchange for payment of premiums by the Class members. The questions of law and fact affecting all Class members include, without limitation, the following:

a)     Whether Plaintiff and the Class members suffered a covered loss under the

policies issued by Defendants to members of the Class;

b)      Whether Defendants wrongfully denied all claims based on the assertion that any suspension, interruption or slowdown of business being attributable to COVID-19 is not a covered loss;

c)      Whether Defendants' Business Income coverage applies to a suspension of business caused by the presence or threat of COVID-19;

d)      Whether Defendants' Extra Expense coverage applies to efforts to avoid or minimize a loss caused by the suspension of business during the outbreak of COVID-19 in the United States;

e)      Whether Defendants' Business Income from Dependent Property coverage applies to actual loss of Business Income caused by direct physical loss or physical damage at a dependent property or properties caused by the presence or threat of COVD-19 and/or the orders of local, municipal, city, county, and/or state governmental entities requiring the suspension of business;

f)      Whether Defendants' Civil Authority coverage applies to a loss of Business Income caused by the orders of local, municipal, city, county, and/or state governmental entities requiring the suspension of business;

g)      Whether Defendants have breached its contracts of insurance through a uniform and blanket denial of all claims for business losses related to COVID-19 and/or the actions of civil authorities taken in response to the presence or threat of COVID-19;

h)      Whether Plaintiff and the Class members suffered damages as a result of Defendants' actions; and

i)      Whether Plaintiff and the Class members are entitled to an award of

reasonable attorneys' fees, interest, and costs.

**Typicality**

58.      This action satisfies the requirements of Fed. R. Civ. P. 23(a)(3) because Plaintiff's claims are typical of the claims of the Class members and arise from the same course of conduct by Defendants. Plaintiff and the other Class members are all similarly affected by Defendants' refusal to pay under their property insurance policies. Plaintiff's claims are based upon the same legal theories as those of the other Class members. Plaintiff and the other Class members sustained damages as a direct and proximate result of the same wrongful practices in which Defendants engaged. The relief Plaintiff seeks is typical of the relief sought for the absent Class members.

**Adequacy of Representation**

59.      This action satisfies the requirements of Fed. R. Civ. P. 23(a)(4) because Plaintiff will fairly and adequately represent and protect the interests of Class members. Plaintiff has retained counsel with substantial experience in prosecuting complex class action litigation.

60.      Plaintiff and its counsel are committed to vigorously prosecuting this action on behalf of the Class members and have the financial resources to do so. Neither Plaintiff nor its counsel has interests adverse to those of the Class members.

**Inconsistent or Varying Adjudications and the Risk of Impediments to Other Class Members' Interests**

61.      This action satisfies the requirements of Fed. R. Civ. P. 23(b)(1). Plaintiff seeks class-wide adjudication as to the interpretation and scope of Defendants' property insurance policies that use the same language and terms as the Policy. The prosecution of separate actions by individual members of the proposed Classes would create an imminent risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants.

**Final Injunctive and/or Corresponding Declaratory Relief with respect to the Class is Appropriate**

62.     This action satisfies the requirements of Fed. R. Civ. P. 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to Plaintiff and the members of the Classes, thereby making appropriate final injunctive and/or corresponding declaratory relief with respect to the Class members. The Class members' claims all derive directly from Defendants' systematic and uniform refusal to pay insureds for any losses suffered due to risk of infection of COVID-19 and/or actions of civil authorities prohibiting access to and occupancy of the business. Defendants' actions or refusal to act are grounded upon the same generally applicable legal theories.

**Superiority**

63.     This action satisfies the requirements of Fed. R. Civ. P. 23(b)(3) because a class action is superior to other available methods for the fair and efficient group-wide adjudication of this controversy. The common questions of law and of fact regarding Defendants' conduct and the interpretation of the common language in their property insurance policies predominate over any questions affecting only individual Class members.

64.     Because the damages suffered by certain individual Class members may be relatively small, the expense and burden of individual litigation would make it very difficult for all individual Class members to redress the wrongs done to each of them individually, such that many Class members would have no rational economic interest in individually controlling the prosecution of specific actions, and the burden imposed on the judicial system by individual litigation by even a small fraction of the Classes would be enormous, making class adjudication the superior alternative under Fed. R. Civ. P. 23(b)(3)(A).

65.     The conduct of this action as a class action presents far fewer management

difficulties, far better conserves judicial resources and the parties' resources, and far more effectively protects the rights of each Class member than would piecemeal litigation. Compared to the expense, burdens, inconsistencies, economic infeasibility, and inefficiencies of individualized litigation, the challenges of managing this action as a class action are substantially outweighed by the benefits to the legitimate interests of the parties, the Court, and the public of class treatment in this Court, making class adjudication superior to other alternatives under Fed. R. Civ. P. 23(b)(3)(D).

66.    Plaintiff is not aware of any obstacles likely to be encountered in the management of this action that would preclude its maintenance as a class action. Rule 23 provides the Court with authority and flexibility to maximize the efficiencies and benefits of the class mechanism and reduce management challenges. The Court may, on motion of Plaintiff or on its own determination, certify nationwide, statewide and/or multistate classes for claims sharing common legal questions; utilize the provisions of Rule 23(c)(4) to certify any particular claims, issues, or common questions of fact or law for class-wide adjudication; certify and adjudicate bellwether class claims; and utilize Rule 23(c)(5) to divide any Class into subclasses.

## CAUSES OF ACTION

## COUNT I:  DECLARATORY JUDGMENT

### (On behalf of the Business Income Coverage Class)

67.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

68.    Plaintiff brings this Count both individually and on behalf of the other members of the Business Income Coverage Class.

69.    Under 28 U.S.C. §§ 2201 and 2202, this Court has jurisdiction to declare the rights and other legal relations of the parties in dispute.

70.     Plaintiff's Policy, as well as the policies of other Business Income Coverage Class members, are insurance contracts under which Defendants were paid premiums in exchange for promises to pay Class members' losses for claims covered by the Policy and the policies of other Business Income Coverage Class members.

71.     In the Policy, Defendants promised to pay for losses of business income sustained as a result of perils not excluded under the Policy. Specifically, Defendants promised to pay for losses of business income sustained as a result of a suspension of business operations during the period of restoration.

72.     Plaintiff and Business Income Coverage Class members suffered direct physical loss of and/or damage to Plaintiff's insured premises and other Class members' insured premises, resulting in interruptions or suspensions of business operations at the premises. These suspensions and interruptions have caused Plaintiff and Business Income Coverage Class members to suffer losses of business income.

73.     These suspensions and interruptions, and the resulting losses, triggered business income coverage under the Policy and other Business Income Coverage Class members' policies.

74.     Plaintiff and the other Class members have complied with all applicable provisions of their respective policies, including payment of premiums.

75.     Defendants, without justification, dispute that the Policy and other Business Income Coverage Class members' policies provide coverage for these losses.

76.     Plaintiff seeks a Declaratory Judgment that its Policy and other Business Income Coverage Class members' policies provide coverage for the losses of business income attributable to the facts set forth above.

77.     An actual case or controversy exists regarding Plaintiff's and other Business

Income Coverage Class members' rights and Defendants' obligations to reimburse Plaintiff and other Business Income Coverage Class members for the full amount of these losses. Accordingly, the Declaratory Judgment sought is justiciable.

WHEREFORE, Plaintiff requests that this Court enter a Declaratory Judgment declaring that the Policy and other Business Income Coverage Class members' policies provide coverage for Class members' losses of business income.

## COUNT II:  BREACH OF CONTRACT

### (On behalf of the Business Income Coverage Class)

78.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

79.     Plaintiff brings this Count both individually and on behalf of the other members of the Business Income Coverage Class.

80.     Plaintiff's Policy, as well as the policies of other Business Income Coverage Class members, are insurance contracts under which Defendants were paid premiums in exchange for promises to pay Class members' losses for claims covered by the Policy.

81.     In the Policy, Defendants promised to pay for losses of business income incurred as a result of perils not excluded under the Policy. Specifically, Defendants promised to pay for losses of business income sustained as a result of a suspension of business operations during the period of restoration.

82.     Plaintiff and Business Income Coverage Class members have suffered a direct physical loss of and/or damage to Plaintiff's insured premises and other Business Income Coverage Class members' insured premises as a result of interruptions or suspensions of business operations at these premises.  These interruptions and suspensions have caused Business Income Coverage

Class members to suffer losses of business income.

83.    These losses triggered business income coverage under both the Policy and other Business Income Coverage Class members' policies.

84.    Plaintiff and the other Business Income Coverage Class members have complied with all applicable provisions of their respective policies, including payment of premiums.

85.    Defendants, without justification and in bad faith, has denied coverage and refused performance under the Policy and other Class members' policies by denying coverage for these losses and expenses. Accordingly, Defendants are in breach of the Policy and other Business Income Coverage Class members' policies.

86.    As a result of Defendants' breaches of the Policy and other Business Income Coverage Class members' policies, Plaintiff and other Business Income Coverage Class members have suffered actual and substantial damages for which Defendants are liable.

87.    WHEREFORE, Plaintiff, both individually and on behalf of other Business Income Coverage Class members, seeks compensatory damages resulting from Defendants' breaches of the Policy and other Class Members' policies and seek all other relief deemed appropriate by this Court.

## COUNT III:  DECLARATORY JUDGMENT

### (On behalf of the Extra Expense Coverage Class)

88.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

89.    Plaintiff brings this Count both individually and on behalf of the other members of the Extra Expense Coverage Class.

90.    Under 28 U.S.C. §§ 2201 and 2202, this Court has jurisdiction to declare the rights

and other legal relations of the parties in dispute.

91.     Plaintiff's Policy, as well as the policies of other Extra Expense Coverage Class members, are insurance contracts under which Defendants were paid premiums in exchange for promises to pay Extra Expense Coverage Class members' losses for claims covered by the Policy and the policies of other Expense Coverage Class members.

92.     Specifically, Defendants promised to pay for Extra Expenses incurred by Plaintiff and other Extra Expense Coverage Class members during the period of restoration that the insureds would not have incurred if there had been no loss or damage to the insured premises. These Extra Expenses include expenses to avoid or minimize the suspension of business, continue operations, and to repair or replace property.

93.     Plaintiff and Extra Expense Coverage Class members suffered direct physical loss of and/or damage to Plaintiff's business and other Extra Expense Coverage Class members' insured premises, resulting in suspensions or interruptions of business operations at these premises. As a result, Plaintiff and other Extra Expense Coverage Class members have incurred Extra Expenses, as defined in the Policy and other Extra Expense Coverage Class members' policies.

94.     These Expenses triggered Extra Expense coverage under the Policy and other Extra Expense Coverage Class members' policies.

95.     Plaintiff and the other Extra Expense Coverage Class members have complied with all applicable provisions of their respective policies, including payment of premiums.

96.     Defendants, without justification, dispute that the Policy and other Extra Expense Coverage Class members' policies provide coverage for these Extra Expenses.

97.     Plaintiff, both individually and on behalf of the other members of the Extra Expense Coverage Class, seeks a Declaratory Judgment that its Policy, and the policies of other members

of the Extra Expense Coverage Class, provide coverage for these Extra Expenses.

98.     An actual case or controversy exists regarding Extra Expense Coverage Class members' rights and Defendant's obligations under Extra Expense Coverage Class members' policies to reimburse Class members for these Extra Expenses. Accordingly, the Declaratory Judgment sought is justiciable.

WHEREFORE, Plaintiff requests that this Court enter a Declaratory Judgment declaring that the Policy and other Extra Expense Coverage Class members' policies provide coverage for Class members' Extra Expenses.

## COUNT IV: BREACH OF CONTRACT

### (On behalf of the Extra Expense Coverage Class)

99.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

100.     Plaintiff brings this Count individually and on behalf of the other members of the Extra Expense Coverage Class.

101.     Plaintiff's Policy, as well as the policies of other Extra Expense Coverage Class members, are insurance contracts under which Defendants were paid premiums in exchange for promises to pay Extra Expense Coverage Class members' losses for claims covered by the Policy.

102.     Specifically, Defendants promised to pay for Extra Expenses incurred by Plaintiff and other Extra Expense Coverage Class members during the period of restoration that the insureds would not have incurred if there had been no loss or damage to the insured premises. These Extra Expenses include expenses to avoid or minimize the suspension of business, continue operations, and to repair or replace property.

103.     Plaintiff and Extra Expense Coverage Class members suffered direct physical loss

of and/or damage to the Plaintiff's business and other Extra Expense Coverage Class members' insured premises, resulting in suspensions and interruptions of business operations at these premises.   These suspensions and interruptions have caused Extra Expense Coverage Class members to incur Extra Expenses.

104.    These Expenses triggered Extra Expense coverage under the Policy and other Extra Expense Coverage Class members' policies.

105.    Plaintiff and the other Extra Expense Coverage Class members have complied with all applicable provisions of the Policy, including payment of premiums.

106.    Defendants, without justification and in bad faith, have denied coverage and refused performance under the Policy and other Extra Expense Coverage Class members' policies by denying coverage for these Extra Expenses. Accordingly, Defendants are in breach of the Policy and other Extra Expense Coverage Class members' policies.

107.    As a result of Defendants' breaches of the Policy and other Class members' policies, Plaintiff and other Class members have suffered actual and substantial damages for which Defendants are liable.

WHEREFORE, Plaintiff, individually and on behalf of other Extra Expense Coverage Class members, seeks compensatory damages resulting from Defendants' breaches of the Policy and other Extra Expense Coverage Class Members' policies and seek all other relief deemed appropriate by this Court.

## COUNT V:  DECLARATORY JUDGMENT

### (On behalf of the Business Income from Dependent Properties Coverage Class)

108.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

109.    Plaintiff brings this Count both individually and on behalf of the other members of the Business Income from Dependent Properties Coverage Class.

110.    Under 28 U.S.C. §§ 2201 and 2202, this Court has jurisdiction to declare the rights and other legal relations of the parties in dispute.

111.    Plaintiff's Policy, as well as the policies of other Business Income from Dependent Properties Coverage Class members, are insurance contracts under which Defendants were paid premiums in exchange for promises to pay Dependent Properties Coverage Class members' losses for claims covered by the Policy.

112.    In the Policy, Defendants promised to pay for losses of business income sustained as a result of perils not excluded under the Policy. Specifically, Defendants promised to pay for losses of business income sustained due to direct physical loss or physical damage at the premises of a dependent property.

113.    Plaintiff and Dependent Properties Coverage Class members suffered losses of business income due to direct physical loss and/or physical damage at the premises of dependent properties.

114.    These losses triggered business income from dependent properties coverage under the Policy and other Dependent Properties Coverage Class members' policies.

115.    Plaintiff and the other Dependent Properties Coverage Class members have complied with all applicable provisions of their respective policies, including payment of premiums.

116.    Defendants, without justification, dispute that the Policy and other Dependent Properties Coverage Class members' policies provide coverage for these losses.

117.    Plaintiff seeks a Declaratory Judgment that its Policy and other Dependent

Properties Coverage Class members' policies provide coverage for the losses of business income attributable to the facts set forth above.

118.    An actual case or controversy exists regarding Plaintiff's and other Dependent Properties Coverage Class members' rights and Defendants' obligations to reimburse Plaintiff and other Dependent Properties Coverage Class members for the full amount of these losses. Accordingly, the Declaratory Judgment sought is justiciable.

WHEREFORE, Plaintiff requests that this Court enter a Declaratory Judgment declaring that the Policy and other Dependent Properties Coverage Class members' policies provide coverage for Class members' losses of business income from dependent properties.

## COUNT VI:  BREACH OF CONTRACT

### (On behalf of the Business Income from Dependent Properties Coverage Class)

119.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

120.    Plaintiff brings this Count both individually and on behalf of the other members of the Business Income from Dependent Properties Coverage Class.

121.    Plaintiff's Policy, as well as the policies of other Business Income Coverage Class members, are insurance contracts under which Defendants were paid premiums in exchange for promises to pay Dependent Properties Coverage Class members' losses for claims covered by the Policy.

122.    In the Policy, Defendants promised to pay for losses of business income incurred as a result of perils not excluded under the Policy. Specifically, Defendants promised to pay for losses of business income sustained due to direct physical loss or physical damage at the premises of a dependent property.

123.    Plaintiff and Dependent Properties Coverage Class members have suffered losses of business income due to direct physical loss and/or physical damage at the premises of dependent properties.

124.    These losses triggered business income coverage under both the Policy and other Dependent Properties Coverage Class members' policies.

125.    Plaintiff and the other Dependent Properties Coverage Class members have complied with all applicable provisions of their respective policies, including payment of premiums.

126.    Defendants, without justification and in bad faith, have denied coverage and refused performance under the Policy and other Dependent Properties Coverage Class members' policies by denying coverage for these losses. Accordingly, Defendants are in breach of the Policy and other Class members' policies.

127.    As a result of Defendants' breaches of the Policy and other Dependent Properties Coverage Class members' policies, Plaintiff and other Dependent Properties Coverage Class members have suffered actual and substantial damages for which Defendants are liable.

WHEREFORE, Plaintiff, both individually and on behalf of other Class members, seeks compensatory damages resulting from Defendants' breaches of the Policy and other Class Members' policies and seek all other relief deemed appropriate by this Court.

## COUNT VII: DECLARATORY JUDGMENT

### (On behalf of the Civil Authority Coverage Class)

128.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

129.    Plaintiff brings this Count both individually and on behalf of the other members of

the Civil Authority Coverage Class.

130.    Under 28 U.S.C. §§ 2201 and 2202, this Court has jurisdiction to declare the rights and other legal relations of the parties in dispute.

131.    Plaintiff's Policy, as well as the policies of other Civil Authority Coverage Class members, are insurance contracts under which Defendants were paid premiums in exchange for promises to pay Civil Authority Coverage Class members' losses for claims covered by the policies.

132.    In the Policy and other Class members' policies, Defendants promised to pay for losses of business income sustained and extra expenses incurred when, among other things, a Covered Cause of Loss causes damage to property near the insured premises, the civil authority prohibits access to property near the insured premises, and the civil authority action is taken in response to dangerous physical conditions.

133.    Plaintiff and other Civil Authority Coverage Class members have suffered losses and incurred expenses as a result of actions of civil authorities that prohibited public access to insured premises under the Policy and Civil Authority Coverage Class members' policies.

134.    These losses satisfied all requirements to trigger Civil Authority coverage under the Policy and other Civil Authority Coverage Class members' policies.

135.    Plaintiff and the other Class members have complied with all applicable provisions of the Policy, including payment of premiums.

136.    Defendants, without justification, dispute that the Policy provides coverage for these losses.

137.    Plaintiff seeks a Declaratory Judgment that its Policy and other Class members' policies provide coverage for the losses that Civil Authority Coverage Class members have

sustained and extra expenses they have incurred caused by actions of civil authorities.

138.    An actual case or controversy exists regarding Civil Authority Coverage Class members' rights and Defendants' obligations under Civil Authority Coverage Class members' policies to reimburse Civil Authority Coverage Class members for these losses and extra expenses. Accordingly, the Declaratory Judgment sought is justiciable.

WHEREFORE, Plaintiff, both individually and on behalf of other Civil Authority Coverage Class members, requests that this Court enter a Declaratory Judgment declaring that the Policy provides Civil Authority coverage for the losses and extra expenses incurred by Plaintiff and the other Class members.

## COUNT VIII: BREACH OF CONTRACT

### (On behalf of the Civil Authority Coverage Class)

139.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

140.    Plaintiff brings this Count individually and on behalf of the other members of the Civil Authority Coverage Class.

141.    Plaintiff's Policy, as well as the policies of other Civil Authority Coverage Class members, are insurance contracts under which Defendants were paid premiums in exchange for promises to pay Civil Authority Coverage Class members' losses and expenses covered by the Policy.

142.    In the Policy and other Civil Authority Coverage Class members' policies, Defendants promised to pay for losses of business income sustained and extra expenses incurred when a Covered Cause of Loss causes damage to property near the insured premises, the civil authority prohibits access to property near the insured premises, and the civil authority action is

taken in response to dangerous physical conditions.

143.    Plaintiff and other Class members have suffered losses and incurred expenses as a result of actions of civil authorities that prohibited public access to insured premises under the Policy and Civil Authority Coverage Class members' policies.

144.    These losses satisfied all requirements to trigger Civil Authority coverage under the Policy and other Civil Authority Coverage Class members' policies.

145.    Plaintiff and the other Civil Authority Coverage Class members have complied with all applicable provisions of the Policy, including payment of premiums.

146.    Defendants, without justification and in bad faith, have refused performance under the Policy and other Civil Authority Coverage Class members' policies by denying coverage for these losses and expenses. Accordingly, Defendants are in breach of the Policy and other Civil Authority Coverage Class members' policies.

147.    As a result of Defendants' breaches of the Policy and other Civil Authority Coverage Class members' policies, Plaintiff and other Civil Authority Coverage Class members have suffered actual and substantial damages for which Defendants are liable.

WHEREFORE, Plaintiff seeks compensatory damages resulting from Defendants' breaches of the Policy and other Civil Authority Coverage Class members' policies. and seek all other relief deemed appropriate by this Court.

## COUNT IX: VIOLATION OF MASSACHUSETTS GENERAL LAWS, CHAPTER 93A

### (On Behalf of the Massachusetts Subclass)

148.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

149.    Plaintiff brings this Count individually and on behalf of itself and members of the

Massachusetts Subclass pursuant to M.G.L. c. 93A §§ 2 and 11. M.G.L. c. 93A §2 provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." M.G.L. c. 93A § 11 permits any person engaged in the conduct of trade or commerce and injured by a violation of M.G.L. c. 93A § 2 to bring a civil action, including a class action, for damages and injunctive relief.

150. Plaintiff alleges that The Hartford willfully and knowingly committed unfair and deceptive business acts and/or practices in violation of M.G.L. c. 93A §§ 2 and 11.

151. The Hartford has engaged in unfair claims settlement practices in violation of, inter alia, M.G.L. c. 176D § 9(a), (d) and (f) by, among other things, misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue, refusing to pay claims without conducting a reasonable investigation based upon all available information, and failing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear. As a result of these violations, which occurred primarily and substantially within the Commonwealth of Massachusetts, Plaintiff and other members of the Massachusetts Subclass were injured by suffering insured losses for which The Hartford has refused to provide coverage.

152. These acts and practices are unfair and deceptive in material respects, offend public policy, are immoral, unethical, oppressive and unscrupulous and violate M.G.L. 176D § 9 and M.G.L. c. 93A § 2.

153. As a direct and proximate result of The Hartford's unfair and deceptive acts and practices, Plaintiff and the Massachusetts Subclass have suffered injury.

154. Plaintiff and other members of the Massachusetts subclass would not have incurred these losses if The Hartford had not engaged in acts and practices that were unfair and deceptive.

155. Based on the foregoing, Plaintiff and the other members of the Massachusetts

subclass are entitled to all remedies available pursuant to M.G.L c. 93A, including, but not limited to, refunds, actual damages, double or treble damages, attorneys' fees and other reasonable costs.

156.     Pursuant to M.G.L. c. 231, § 6B, Plaintiff and other members of the Massachusetts Subclass are further entitled to pre-judgment interest as a direct and proximate result of The Hartford's wrongful conduct. The amount of damages suffered as a result is a sum certain and capable of calculation and Plaintiff and other members of the Massachusetts Subclass are entitled to interest in an amount according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendants, as follows:

A.     Entering an order certifying the proposed Classes, designating Plaintiff as Class representative, and appointing Plaintiff's undersigned attorneys as Counsel for the Classes;

B.     Entering declaratory judgments on Counts I, III, V and VII in favor of Plaintiff and the members of the Business Income Coverage Class, Extra Expense Coverage Class, Business Income from Dependent Properties Coverage Class and Civil Authority Coverage Class as follows:

i.     That all Business Income, Extra Expense, Business Income from Dependent Properties and Civil Authority losses and expenses incurred and sustained based on the facts and circumstances set forth above are insured and covered losses and expenses under Plaintiff's and Class members' policies; and

ii.     Defendants are obligated to pay for the full amount of the Business Income, Extra Expense, Business Income from Dependent Properties and Civil

Authority losses and expenses sustained and incurred, and to be sustained and incurred, based on the facts and circumstances set forth above are insured and covered losses and expenses under Plaintiff and Class members' policies;

C.      Entering judgments on counts II, IV, VI, VIII and IX in favor of Plaintiff and the members of the Business Income Coverage Class, Extra Expense Coverage Class, Business Income from Dependent Properties Class, Civil Authority Coverage Class and Massachusetts Subclass, and awarding actual, double, treble and/or other statutory damages in amounts to be determined at trial, as applicable;

D.      An order requiring Defendants to pay both pre- and post-judgment interest on any amounts awarded;

E.      An award of costs and attorneys' fees; and

F.      Such other or further relief as may be appropriate.

## DEMAND FOR JURY TRIAL

The undersigned hereby demands a trial by jury as to all issues so triable.

Dated: May 7, 2020                                    **WHATLEY KALLAS, LLP**

                                                    _/s/ Patrick J. Sheehan_
                                                    Patrick J. Sheehan (BBO# 639320)
                                                    101 Federal Street, 19th Floor
                                                    Boston, MA 02110
                                                    Tel: (617) 573-5118
                                                    Fax: (800) 922-4851
                                                    psheehan@whatleykallas.com

Leonard A. Frisoli  (BBO# 638201)
Zaheer A. Samee (BBO# 667751)
Frisoli  Associates,  P.C.
Bulfinch  Square
43 Thorndike  Street
Cambridge,  MA 02141
Tel:  (617) 494-0200
Fax:  (617) 494-9068
laf@frisolilaw.com
zas@frisolilaw.com

*Attorneys for Plaintiff*